IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03027-PAB

WYO PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

STEWART TITLE GUARANTY COMPANY, a Texas corporation,

    Defendant.

---

**ORDER TO SHOW CAUSE**

---

    The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 1 at 1, ¶ 3.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332(a)(1) as the basis for this Court's diversity jurisdiction. Docket No. 1 at 1, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding plaintiff's citizenship.

The complaint identifies plaintiff WYO Properties, LLC as a "Colorado limited liability company whose address is 205 N. 55th Avenue, Greeley, Colorado 80634." Docket No. 1 at 1, ¶ 1. None of this information is relevant to plaintiff's citizenship. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v.*

2

*Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an LLC. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Plaintiff has not identified its members and the citizenship of those entities. *See*

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

3

Docket No. 1.[2]  The Court is therefore unable to determine the citizenship of plaintiff and whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on December 27, 2017**, plaintiff WYO Properties, LLC shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED December 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC*, 2009 WL 2055206, at *3 (citing *Carden*, 494 U.S. at 196).