IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03027-PAB

WYO PROPERTIES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

STEWART TITLE GUARANTY COMPANY, a Texas corporation,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter comes before the Court on plaintiff's Firsrt [sic] Amended Complaint [Docket No. 5]. On December 19, 2017 the Court issued an order to show cause. Docket No. 4. The Court noted that plaintiff's complaint did not identify plaintiff's members and, therefore, the Court could not determine plaintiff's citizenship and whether the Court had subject matter jurisdiction over plaintiff's claims. *Id*. at 2-4. The Court ordered plaintiff to show cause on or before December 27, 2017 why this case should not be dismissed for lack of subject matter jurisdiction. *Id*. at 4. Plaintiff did not respond directly to the order to show cause but, on December 21, 2017, filed its amended complaint. The Court presumes that plaintiff's filing of its amended complaint was an attempt to respond to the order to show cause.

In its amended complaint, plaintiff claims that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 5 at 2, ¶ 5. Plaintiff alleges that it is a limited liability company that is "comprised of only one

member, Matthew Notter, an individual, whose address is 205 N. 55th Avenue, Greeley, Colorado 80634." *Id*. at 1, ¶ 2. As the sole member of plaintiff, Mr. Notter's citizenship is determinative of plaintiff's citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). However, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Therefore, the Court is unable to determine whether it has subject matter jurisdiction over plaintiff's claim. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted). The Court will provide plaintiff one further opportunity to establish the citizenship of all parties and show that the Court has subject matter jurisdiction over this action.

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on January 10, 2018**, plaintiff WYO Properties, LLC shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 3, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge